[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a disability insurance policy issued to the plaintiff, John Cortese, by the defendant, Mutual of Omaha Insurance Company (Mutual of Omaha). In his "second revised complaint" dated October 16, 2001, the plaintiff alleges in the first of six counts that the defendant Mutual of Omaha issued him a disability policy in May of 1998, that the plaintiff became disabled and suffered a "total loss of earnings," and that in September of 1999, the defendant breached its contract by refusing to pay the plaintiff after he became disabled. In the second count, the plaintiff alleges that by denying his claim for coverage, Mutual of Omaha breached the covenant of acting in good faith and fair dealing.
In the third count, the plaintiff seeks a declaratory judgment in his third count that his policy with Mutual of Omaha is valid and should have been honored. In this count the plaintiff alleges that he provided signed authorizations to obtain his medical records and made a full disclosure CT Page 5706 of his past medical history to Mutual of Omaha's agent, James Duch, also a defendant in this action, but that Duch did not include this information in the application for disability insurance because he wanted to earn a commission, and knew that if accurate information had been disclosed, "Mutual of Omaha would rescind the policy." The plaintiff also alleges in this count that the defendant Mutual of Omaha failed to exercise reasonable care in supervising Duch and in investigating the plaintiff's prior medical history and is "estopped" from denying coverage and rescinding the policy.
Count four is directed against both defendants, Mutual of Omaha and its agent, Duch, and claims a violation of General Statutes § 38a-815 et seq., the Connecticut Unfair Insurance Practices Act (CUIPA),[1] in that the defendants made false representations about the disability policy that was issued to the plaintiff. The fifth count is also directed against both defendants and reiterates the CUIPA claim and asserts a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).[2] In the sixth count, which is directed solely against Duch, the plaintiff alleges that this defendant made false representations that the disability policy issued to the plaintiff was valid when he knew or should have know that the omission of the plaintiff's prior medical history "might invalidate Cortese's application."
Motion to strike #115 is by Duch and is directed against the fourth count of the complaint which alleges a violation of CUIPA. Motion #119 is by Mutual of Omaha and is directed against three counts, the CUIPA count, the second count which claims a breach of the covenant to act in good faith and fair dealing, and the fifth count involving CUTPA.
The defendants contend that the CUIPA count is deficient because it seeks to plead a private cause of action whereas CUIPA is a regulatory statute governing the insurance industry. As to the count claiming a violation of CUTPA, the defendant argues that the CUIPA count is deficient and therefore does not support a CUTPA claim. Mutual of Omaha asserts that the second count regarding good faith and fair dealing is deficient because it does not allege that the defendants engaged in "wanton and malicious conduct, acted with evil motive, or acted with reckless indifference" in denying benefits to the plaintiff.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe CT Page 5707 the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
Taking up first the fourth count alleging a violation of CUIPA, which is the subject of a motion to strike by both defendants, the defendants assert that there is no private right of action under the provisions of CUIPA, General Statutes § 38a-815 et seq. This court agrees, finding no appellate authority that CUIPA entitles a private individual to maintain an action pursuant to that statute. Most of the recent Superior Court opinions addressing the subject hold that there is no such right. See, e.g. Perrelli v. Strathmore Farms, Superior Court, judicial district of New Haven, Docket No. 428988 (March 2, 2000, Levin, J.) see alsoBerman v. The Prudential Insurance Company of North America, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 103651 (July 15, 1993, Lewis, J.). Therefore, count four is stricken.
Mutual of Omaha's motion to strike also addresses the CUTPA count. Citing Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11 (1986), the defendant correctly asserts that the plaintiff can only maintain a CUTPA count against an insurer if he alleges a violation of the standards set forth in CUIPA. In the case of conduct amounting to unfair claim settlement practices, such an allegation must include the statutory requirement that the defendant is "[c]ommitting or performing [the unfair practice] with such frequency as to indicate a general business practice. . . ." General Statutes § 38a-816 (6).
"It is possible to state a cause of action under CUTPA for a violation of CUIPA." (Internal quotation marks omitted.) Mead v. Burns, supra,199 Conn. 663. "[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by [General Statutes] § 38-816 (6) [requires] proof, as under CUIPA, that the unfair settlement practice [has] been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted). Lees v. Middlesex Insurance Co., 229 Conn. 842, 850,643 A.2d 1282 (1994). If the facts alleged are "insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a `general business practice,' the plaintiff's CUTPA claim [cannot] survive the failure of [their] CUIPA claim." Id., 851. Count Five does not set forth facts which support a claim of any pattern of conduct occurring with such frequency as to state a violation of the standards enacted under § 38a-816 (6). The failure CT Page 5708 to properly allege the facts of a CUIPA violation are fatal to the plaintiff's CUTPA count as well.
Mutual of Omaha also directs its motion to strike against the second count involving good faith and fair dealing. The second count incorporated by reference the allegations of the first count which alleged that the defendant Mutual of Omaha breached its contract with the plaintiff by failing to make payments under the disability policy. The second count states that such conduct in denying the plaintiff's claims was "a violation of [the defendants'] obligation to act in good faith and to deal fairly with him."
It is well established in this state that every contract carries with it an implied covenant of good faith and fair dealing, and that such covenant applies to insurance contracts. Buckman v. People Express,Inc., 205 Conn. 166, 170, 530 A.2d 596 (1987). "Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.) Id., 171.
"Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992). The plaintiff must allege, in other words, a factual basis for a claim of bad faith and not simply that the defendant denied the plaintiff's claim. The second count does not contain the requisite allegations to support this cause of action.
In summary, the motions to strike counts two, four and five are granted.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of May, 2002.
William B. Lewis, Judge T.R.